IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK B. WALLACE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-CV-401-SMY |
| | ) |
| WARDEN E. WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Patrick B. Wallace, currently incarcerated at the United States Penitentiary in Ashland, Kentucky, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the computation of his sentence (Doc. 1). Wallace asserts that the Bureau of Prisons ("BOP") failed to calculate the appropriate amount of good conduct time ("GCT") after the amendment of the First Step Act in 2018. Specifically, he argues that he is entitled to additional GCT for a completed term of imprisonment dating from the 1990s.

Following briefing by both parties, this matter is now ripe for resolution (Docs. 1, 10). For the following reasons, Wallace's Petition will be **DENIED.**

**Factual Background**

On May 27, 1994, Wallace was sentenced to 200 months imprisonment and 5 years of supervised release for Conspiracy to Distribute Cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Doc. 10-2, pp. 1-3). Wallace was released from BOP custody on May 22, 2008 and began his 5-year term of supervised release on that date (Doc. 10-4, p. 1).

In 2011, Wallace violated the conditions of his supervised release by being charged with possession with intent to distribute cocaine (Doc. 10-4, pp. 2-3). As a result, the sentencing court revoked his supervised release and sentenced him to a 60-month term of imprisonment on May 24, 2013 (Doc. 10-6, pp. 1-2). This term was imposed to be served consecutive to a 288-month sentence of imprisonment for possession with intent to distribute cocaine (Doc. 10-6, p. 2; Doc. 10-7, p. 2).

Wallace is currently serving a prison sentence that includes the 60-month term of imprisonment for violating his supervised release, to be followed consecutively by the 288-month sentence for the 2011 charge (Doc. 10-3). His scheduled release date is August 29, 2036 (Doc. 10-3, p. 2).

## Discussion

The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson,* 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *Taylor v. Lariva,* 638 F. App'x 539, 541 (7th Cir. 2016).[1] Wallace contends that, following the enactment of the First Step Act, he should be credited for additional GCT for his initial term of imprisonment from 1994 to May 2008 (Doc. 1, p. 3). He maintains that this original sentence is ongoing because he is still serving time based on the revocation of his supervised release (an additional 60-month term of imprisonment) (Doc. 1, pp. 3, 11).

A federal prisoner who is serving more than a one-year term of imprisonment may earn GCT toward his or her sentence so long as the prisoner displays "exemplary compliance with

---

[1] Wallace's Petition is properly before this Court as it was filed while he was incarcerated at FCI Greenville.

institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). Prior to the First Step Act, qualifying inmates earned up to 54 days of GCT for each year actually served, and the sentence was prorated in the final year of the service of sentence. 28 C.F.R. § 523.20. This resulted in Wallace earning 47 days of GCT per year served on the sentence he completed in 2008 (Doc. 10-1, ¶¶ 9-10).

The First Step Act amended 18 U.S.C. § 3624(b)(1) to give federal inmates more potential credit for GCT. *See* Public Law 115-391, 132 Stat. 5194, § 102(b). Following the amendments to the Act, qualifying inmates became eligible to earn up to 54 days of GCT for each year of sentence imposed by the court. *See Bennett v. Kallis,* No. 19-cv-1222-SLD, 2019 WL 3241156 (C.D. Ill. July 18, 2019). For his current term of imprisonment, Wallace has already been credited with 54 days per year for his current term of imprisonment (Doc. 10-8). Thus, if Wallace's argument is correct, he could retroactively obtain an additional 7 days per year for his 200-month prison term from 1994 to 2008.

Although the Seventh Circuit has not directly addressed whether the First Step Act applies retroactively to permit additional GCT for completed sentences of imprisonment,[2] multiple district courts (including courts in this Circuit), have found that revocation sentences are separate and distinct from the original underlying sentence for purposes of calculating GCT and concluded that a prisoner serving a post-revocation sentence is not entitled under the First Step Act to additional GCT for time served on the original underlying sentence. *White v. Sproul*, Case No. 19-CV-1291-SPM, 2021 WL 1854642, at *2 (S.D. Ill. May 10, 2021) ("[A]n inmate who is serving a revocation term is only entitled to additional good credit time under the First Step Act on the revocation term

---

[2] The Seventh Circuit declined to address the issue in *United States v. Perkins*, No. 21-1421, 2021 WL 5158000, at *3 (7th Cir. Nov. 5, 2021). The Court noted that this argument was improper to raise on direct appeal and that any miscalculation did not warrant vacating the sentence.

and not on the underlying sentence that had already been satisfied"). See also, *Jamison v. Warden, Elkton Federal Correctional Institution*, No. 19-CV-789, 2019 WL 5690710 (S.D. Ohio, Nov. 4, 2019) (rejecting claim for GCT on original sentence because "the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast"). These decisions are sound and consistent with BOP regulations: "Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release." 28 C.F.R. 2.35(b). Simply put, Wallace cannot "reactivate" this original sentence to retroactively apply the First Step Act and obtain additional GCT credit for this completed term of imprisonment. 28 C.F.R. 2.35(b).

## Disposition

Petitioner Patrick B. Wallace's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this action is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Wallace wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).  If Wallace does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  September 27, 2022**

**STACI M. YANDLE**
**United States District Judge**